FILED
2021 Jun-30 AM 10:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THOMAS GADDIS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:21-cv-00591-LSC-SGC |
| STEVE D. GIDDENS, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

On May 6, 2021, the magistrate judge entered a report recommending this petition for writ of habeas corpus—invoking 28 U.S.C. § 2254, but docketed under § 2241—be dismissed for failing to: (1) assert cognizable habeas claims; (2) seek relief available; and/or (3) exhaust state court remedies. (Doc. 2). The magistrate judge further recommended the petitioner, Thomas Gaddis, be deemed a vexatious litigant, such that any new habeas petitions he submits will be subject to prescreening and certain restrictions prior to being filed by the Clerk of Court. (*Id.*). Finally, the magistrate judge recommended a certificate of appealability be denied.

Gaddis filed objections on May 18, 2021. (Doc. 3). The objections repeat allegations of a conspiracy between Talladega County District Attorney Steve D. Giddens and the Sylacauga Police Department to murder various officials in Talladega County to cover up their corrupt schemes; as Gaddis would have it, these

conspirators have targeted him for murder because he is a witness to their corruption and crimes. (*Id.*; *see* Doc. 1, Doc. 2 at 2-3).

Gaddis's objections do not address the magistrate judge's conclusions that his petition: (1) fails to present cognizable habeas claims; (2) fails to seek relief available via habeas corpus; and (3) presents plainly unexhausted claims. Gaddis's claims in the instant petition are due to be dismissed based on the foregoing, inescapable conclusions.

As to the magistrate judge's recommendation that Gaddis should be deemed a vexatious litigant—subjecting future habeas petitions he may submit to prescreening and other restrictions—Gaddis presents a viable correction to the report. Specifically, in describing the litany of pleadings Gaddis has filed since March 31, 2021, the magistrate judge described twelve habeas petitions and three § 1983 complaints. (Doc. 2 at 8). In his objections, Gaddis notes he only filed one § 1983 complaint during the relevant time frame: *Gaddis v. Woodrouf,* No. 21-0460 (N.D. Ala. *dismissed* May 14, 2021). (Doc. 3 at 3). The two other cases described in the report and recommendation as § 1983 complaints have subsequently been analyzed by the magistrate judge as invoking—at least in part—habeas relief under § 2254. *Gadids v. Giddens*, No. 21-0501 (N.D. Ala. *dismissed* June 21, 2021)[1];

---

[1] The initial pleading in this matter did not invoke any statute but was docketed as a § 1983 complaint.

*Gaddis v. The Bar Assoc.*, No. 21-0587 (N.D. Ala. *dismissed* June 21, 2021)[2]. Accordingly, Gaddis's objection in this regard appears to be accurate, and as corrected, he filed a total of fourteen habeas petitions under either § 2254 or § 2241 between March 31, 2021, and April 27, 2021.[3] This tally does not include two additional filings Gaddis styled as § 2241 petitions but which were properly construed as objections to a report and recommendation in his then-pending § 1983 lawsuit.[4]

Considering these recent submissions together with the twenty-five § 1983 complaints and seven habeas petitions previously filed and dismissed in this district since 1996, the court concludes Gaddis has earned his designation as a vexatious litigant. (*See* Doc. 2 at 8, nn. 8-9). Accordingly, the restrictions the magistrate judge proposed on any future habeas petitions Gaddis files in this district strike the

---

[2] The initial pleading in this matter invoked § 2254 but was docketed it as a § 1983 complaint.

[3] *See Gaddis*, No. 21-0501, *supra*; *Gaddis v. Biden*, No. 21-0524 (N.D. Ala. *dismissed* May 27, 2021); *Gaddis v. Lacey*, No. 21-0531 (N.D. Ala. *dismissed* June 29, 2021); *Gaddis v. Alabama General Offices*, No. 21-0532 (N.D. Ala. *dismissed* June 7, 2021); *Gaddis v. Kilgore*, No. 21-0533 (N.D. Ala. *dismissed* June 2, 2021); *Gaddis v. Woodrouf*, No. 21-0566 (N.D. Ala. *dismissed* June 4, 2021); *Gaddis v. Johnson*, No. 21-0567 (N.D. Ala. *dismissed* May 26, 2021); *Gaddis v. Lacey*, No. 21-0568 (N.D. Ala. *dismissed* June 10, 2021); *Gaddis v. Kilgore*, No. 21-0575 (N.D. Ala. *dismissed* May 27, 2021); *Gaddis*, No. 21-0587, *supra*; *Gaddis v. Ivy*, No. 21-0588 (N.D. Ala. *dismissed* June 7, 2021); *Gaddis v. Brakedale*, No. 21-0589 (N.D. Ala. *dismissed* June 3, 2021); *Gaddis v. Judiciary Committee Leaders*, No. 21-0590 (N.D. Ala. *dismissed* June 8, 2021).

[4] *See Gaddis v. Cornelius*, No. 21-0565 (N.D. Ala. *filed* April 22, 2021) (administratively closed and refiled as objections in *Gaddis*, No. 21-0460); *Gaddis v. Cornelius*, No. 21-0582 (N.D. Ala. *filed* April 26, 2021) (same).

appropriate balance between his right to access the courts and the court's ability to manage its own docket and prevent abusive litigation.

After careful consideration of the record in this case, including the magistrate judge's report and Gaddis's objections, the court **ADOPTS** the report and **ACCEPTS** its recommendations. Gaddis's objections are **OVERRULED**. In accordance with the recommendation, the court finds Gaddis's federal habeas petition is due to dismissed. Furthermore, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is due to be denied. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*. Finally, Gaddis is deemed a vexation litigant. Any future habeas petitions Gaddis may file in this district will be subject to the restrictions recommended by the magistrate judge. (*See* Doc. 2 at 12).

A separate order will be entered.

**DONE** and **ORDERED** on June 30, 2021.

_____
L. Scott Coogler
United States District Judge

160704